JODI LINKER
Federal Public Defender
Northern District of California
ELIZABETH FALK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  elizabeth_falk@fd.org

Counsel for Defendant MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAYAN MARTINEZ,<br><br>Defendant. | **Case No.:** CR 25-43 CRB; CR-19-381 CRB<br><br>**MOTION FOR SUMMARY SENTENCING AND PROPOSED SCRIPT FOR BRAYAN MARTINEZ** |

Brayan Martinez is scheduled for a change of plea and Form 12 violation admission hearing on October 10, 2025. This is a case where the mandatory minimum sentence greatly exceeds the low end of the undisputed Guideline range for the case by 14 months. Given same, Mr. Martinez submits that he has now been in custody for over 21 months and he would like to get the sentencing on this case over with as soon as possible. He further submits that the appropriate global sentence (which is an above-Guideline sentence in Case No. CR-25-43 CRB) is 60 months of imprisonment, consisting of 60 months of imprisonment on Case No. CR-25-43 CRB and 15 months of imprisonment in Case No. CR-19-381 CRB, all terms to be

served concurrently, with the mandatory minimum 4-year term of supervised release to follow in Case No 25-43.  To serve the interests of judicial efficiency and economy, Mr. Martinez submits that that the Court may summarily sentence Mr. Martinez without further delay at the Change of Plea and Form 12 admission hearing on October 10, 2025.

## FACTS

The parties concur that Mr. Martinez will enter a guilty plea on October 10, 2025 to the one count Indictment charging him with possession with intent to distribute fentanyl, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).  There is a five-year mandatory minimum penalty affiliated with that charge.  The parties further concur that the Sentencing Guidelines applicable to the Case is Adjusted Offense Level 21 (between 100 KG and 400 KG of combined drug weight = Offense Level 24, less 3 levels off for acceptance of responsibility) and the parties have a good faith belief that the applicable Criminal History Category is III, resulting in a Guideline range of 46-57 months.  Because the mandatory minimum sentence applicable to the offense of conviction is 60 months and is so far above the applicable Guideline range here, Mr. Martinez submits that the Court may proceed directly to sentencing in this matter with no further need for a Presentence Report.  *See* Federal Rule of Criminal Procedure 32(c)(a)(A)(ii).  There is simply no need for a Presentence Report in this case as the defendant is likely to be deported and will never be supervised by the Probation Department.  A Presentence Report is a waste of the Probation Office's time, and a further Court proceeding on this case is an additional waste of time for all involved.  The Court is very busy and does not need extra court appearances that serve no legitimate purpose.  As such, summary sentencing is appropriate here.

As to the supervised release violation in Case No. 19-381, the parties concur that Mr. Martinez shall admit charges 1-5 on October 10, 2025.  The Form 12 itself states that the advisory guideline range for the supervised release violation (Grade A) is 15-21 months.  *See* U.S.S.G. §7B1.4(a).

Accordingly, Mr. Martinez requests that the Court accept his plea of guilty to the one-count Indictment in Case No 25-43 CRB, as well as his admissions to Counts 1-5 of the Form 12 in Case No. 19-381, and impose sentence as follows:

**REQUESTED SENTENCE AND PROPOSED SENTENCING SCRIPT**

**(Culled from prior judgment in Case No. 19-381 and standard language in Presentence Reports)**

**CASE NO. 25-43 CRB:**

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that Brayan Martinez is hereby committed to the custody of the Bureau of Prisons to be sentenced to a term of 60 months of imprisonment, to be served fully concurrently to the 15-month sentence imposed simultaneously in Case No. 19-381 CRB.  Following imprisonment, the defendant shall be placed on supervised release for a term of 4 years. However, upon release from imprisonment, the defendant will likely be deported and will not be in the United States to be supervised. At all times, the defendant shall comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement and, if deported, shall not reenter the United States without the express consent of the Secretary of the Department of Homeland Security.  If the defendant is deported, and within four year(s) of release from imprisonment returns to this country, legally or illegally, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of reentry. If the defendant for some reason is not deported and remains in this country, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of release from imprisonment.

While on supervised release, the defendant must not commit another Federal, State or Local crime, must not unlawfully possess a controlled substance, must refrain from any unlawful use of a controlled substance, submit to a drug test within 15 days of release from incarceration and 2 periodic drug tests thereafter, must cooperate in the collection of DNA and must comply with the following conditions:

- **The standard conditions**, which have been adopted by this Court and will be listed in the attachment to the judgment in this matter and are hereby imposed and incorporated into this sentence. Appointed defense counsel in this matter has affirmed under oath in Court that she has had the standard conditions of supervised release fully translated into Spanish for Mr. Martinez during one of their legal meetings on Zoom.
- **In addition, the following special conditions of supervision shall apply:**

    1. You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; you must warn any residents that the premises may be subject to searches.

    2. You must not be present in the Tenderloin area in San Francisco, which for these purposes is defined as the area bordered on the west by Polk Street and South Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Mission Street, with the following exceptions: (a) to attend any court proceedings; (b) after requesting and receiving approval from the probation officer; and (c) to travel on Bart, MUNI or other public transportation through the area but without alighting from such transportation and entering the area.

Criminal and Monetary Penalties

The Court further orders that the defendant shall pay to the United States a special assessment of $100. Payments shall be made to the Clerk of the U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or via the online pay.gov payment system.

The Court further finds that the defendant does not have the ability to pay the fine and orders it waived.

Forfeiture

The Court further finds that the defendant's interest in the following property shall be forfeited to the United States; $171 in U.S. Currency, one cell phone and one digital scale.

**CASE NO. 19-381 CRB:**

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that Brayan Martinez is hereby committed to the custody of the Bureau of Prisons to be sentenced to a term of 15 months of imprisonment, to be served fully concurrently to the 60-month sentence imposed simultaneously in Case No. 25-43 CRB. No term of supervised release to follow.

| | |
|---|---|
| October 10, 2025<br>Dated | JODI LINKER<br>Federal Public Defender<br>Northern District of California<br><br>_____/S_____<br>ELIZABETH FALK<br>Assistant Federal Public Defender |

[PROPOSED] STIPULATED SENTENCING SCRIPT
*MARTINEZ*, CR 25-43 CRB; 19-381 CRB